ANTHONY C. CARLINI, JR., ESQ.
HANDEL & CARLINI, LLP
Attorneys for Spears, Moore, Rebman,
& Williams, P.C.
112 Delafield Street
Suite 200
Poughkeepsie, New York 12601
(845) 452-3434
Anthony C. Carlini, Jr. (AC-4818)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------------x
In re:                                                                    Chapter 13

DAVID EBERLE,                                                  Case No. 11-35079-cgm

                                Debtor.
-------------------------------------------------------------x

### EX PARTE APPLICATION FOR EXAMINATION AND PRODUCTION OF DOCUMENTS UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004

The application of Spears, Moore, Rebman, & Williams, P.C. ("Spears") by its attorneys, Handel & Carlini, LLP, respectfully represents:

1. On January 13, 2011, David Eberle (the "Debtor") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code").

2. Between 1996 and 2000, Spears represented Debtor in a disability lawsuit pending in the Circuit Court of Hamilton County, Tennessee. On October 5, 2000, a Memorandum Opinion was entered in favor of Debtor and an Agreed Judgment was entered on May 18, 2001. Debtor had previously agreed to pay to Spears on a contingent fee basis one-third of all sums recovered by the Debtor as a result of Spears' representation in the disability insurance case. There was a significant payment made by the insurer in November 2000 of accumulated benefits, interest, and costs, to which this arrangement was applied. Subsequently, the insurer

has continued to pay monthly benefits to Spears' trust account for Spears and the Debtor, which were and continue to be subject to the contingent fee agreement. In fact these monthly sums have been paid to Spears for division and distribution until January, 2011 when Debtor and his counsel rerouted the payments away from Spears' trust account. By the terms of the judgment, and unless there are subsequent orders in the trial court to the contrary, the insurer is to continue to make monthly benefit payments to or for the Debtor during his lifetime. Debtor remains liable to Spears for its portion of these monthly payments as received.

3. It is necessary to promptly examine the Debtor as to the acts, conduct, or property or financial condition of the Debtor or as to matters which may affect the administration of the Debtor's estate. The Debtor sets forth as an asset in Schedule B of his Petition "[c]laims against former legal counsel. Claims based in contract and common law fraud and such other claims deemed proper." It is assumed that these claims relate to Spears.

4. It is necessary that the Debtor produce his books and records as to the acts, conduct, or property or financial condition of the Debtor as Movant has no other means, other than through the requested Rule 2004 examination, to obtain these necessary books and records. Spears, by its counsel, appeared at the Debtor's 341(a) Meeting of Creditors on April 6, 2011. However, at the meeting, Debtor was directed by his counsel to refrain from answering any questions posed by Spears' counsel.

5. Accordingly, applicant desires to examine the Debtor pursuant to Federal Rule of Bankruptcy Procedure 2004 regarding the income, assets and liabilities of the Debtor as well as the claims made by Debtor against Spears which are set forth as assets of the bankruptcy estate.

6. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides in pertinent part as follows:

    1. <u>Examination on Motion.</u> On motion of any party in interest, the court may order the examination of any entity.

2. Scope of Examination. The examination of any entity under its rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.

(c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

7. Under this rule, the Court is empowered to order the examination of any person upon written application, which application may be made ex-parte. Accordingly, notice of this application has not been given to any party in interest.

8. Pursuant to Federal Rules of Bankruptcy Procedure 2004, the applicant is permitted to inspect and photocopy various documents and papers in the possession, custody or control of the Debtor and the parties in interest herein. As stated above, the applicant's request is contained in its "Requested Documents" annexed hereto as **Schedule "A"**.

WHEREFORE, the applicant respectfully requests that the annexed Order be entered and that it be granted such other and further relief as is just and proper.

Dated: Poughkeepsie, New York
April 22, 2011

Respectfully submitted,

*HANDEL & CARLINI, LLP*

By: _____
Anthony C. Carlini, Jr., Esq. (AC-4818)
Attorneys for Applicant
112 Delafield Street
Suite 200
Poughkeepsie, New York 12601
Tel. No. (845) 452-3434

# SCHEDULE A

# REQUESTED DOCUMENTS

## Definitions

As used herein:

(i) The word "document" means any written or graphic matter, however produced or reproduced, of any kind or description, including originals, marked copies and drafts and both sides thereof, and including but not limited to correspondence, letters, telegrams, cables, telex messages, memoranda, notes and notations, note papers, interoffice and interdepartmental communications, written consents, transcripts, notes and minutes of telephone and other conversations, or of conferences or director's meetings, or of committee meetings, or of other meetings, books, pamphlets, periodicals, press clippings or articles, resolutions, certificates, opinions, reports, studies, analyses, evaluations, contracts, licenses, agreements, instruments, financial statements, ledgers, checks, check stubs, books or records of accounts, credit memoranda, credit files, notations in credit files, loan cards, statistical records, tax returns, desk calendars, books, diaries, lists, tabulations, summaries, charts, graphs, maps, surveys, sound recording, photographs, computer tapes or print-outs, magnetic tapes, microfilms, punch cards and all other records kept by electronic, photographic or mechanical means, and papers and things similar to any of the foregoing, however denominated, by the Debtor David Eberle or any other person.

(ii) The word "concerning" includes referred to, relating to, with respect to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting or constituting.

(iii) The term "including" is defined at 11 U.S.C. §102(3) for the purposes of examination pursuant to Federal Rules of Bankruptcy Procedure 2004. The term "including" encompasses the term "includes".

(iv) Terms in the plural include the singular and terms in the singular include the plural.

(v) "Debtor" shall mean David Eberle.

(vi) "You" and "Your" shall mean the aforementioned Debtor.

(vii) "Insider" is defined at 11 U.S.C. §101(30).

If any document is withheld on the basis of a claim of privilege, state with respect thereto: the type of document (e.g., letter, memorandum, etc.), the date, author, the addressee or addressees and the subject matter and the nature of the privilege (e.g., attorney's work product).

(viii) "Property" shall mean any real or personal property in which the Debtor had an interest within six years of the filing herein.

In procuring the requested documents, even though the requests are directed to "you," furnish all documents which are available to you, including documents in the possession of your accountants, attorneys or investigators for your attorneys or accountants, including but not limited to, your accountants, and not merely such documents in your own possession.

(ix) "Petition Date" shall mean January 13, 2011.

The requests which follow are to be regarded as continuing and you are requested to provide by way of supplementary compliance herewith such additional documents as you, or any other person on your behalf, may hereafter obtain which will augment the documents produced in response to the request below. Such additional documents are to be produced at the offices of Anthony C. Carlini, Jr., Esq., Handel & Carlini, LLP, 112 Delafield Street, Suite 200, Poughkeepsie, New York 12601 promptly after they are received by said other person or by you.

## Documents Requested

1. All retainer agreements or contracts entered into between Debtor and Spears, Moore, Rebman, & Williams, P.C. ("Spears").

2. All written amendments to any documents produced in response to Demand #1.

3. All correspondence between Debtor and Spears.

4. All correspondence or documentation between the Debtor and third parties relating to any agreement it entered into with Spears or the payment of legal fees.

5. Any documentation which would demonstrate that Spears made any misrepresentations to Debtor or perpetrated a fraud upon Debtor.

6. Any documentation which would demonstrate that Spears breached any agreements with Debtor.

7. Copies of Debtor's tax returns for 2007 through 2010.

8. Copies of all 1099 statements received by Debtor from any insurer including, but not limited to, Provident and Unum between 2007 and 2010.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------------------x
In re:                                                                    Chapter 13

DAVID EBERLE,                                                  Case No. 11-35079-cgm

                                      Debtor.
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO ORDER EXAMINATION OF DEBTOR PURSUANT
TO BANKRUPTCY RULE 2004 FEDERAL RULES
<u>OF BANKRUPTCY PROCEDURE</u>**

MAY IT PLEASE THE COURT:

Rule 2004, Federal Rules of Bankruptcy Procedure, provides, in pertinent part, as follows:

    (a)    Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.

    (h)    Time and Place of Examination of Debtor. The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district where the case is pending.

The motion may be granted ex parte. 2 Collier, Bankruptcy 1111 343.02, 343.08, 343.13 (15th ed. 1981); Advisory Committee Note to Subdivision (a).

Examination of the Debtor pursuant to subsection (d) appears to require "cause" to be shown for such examination. However, it would appear that the term "cause" is sufficiently broad to include any valid reason for inquiry into the Debtor's affairs under the scope of subsection (b). The Court also has the discretion in ordering the time and place of such examination.

Dated: Poughkeepsie, New York
      April 22, 2011

Respectfully submitted,

*HANDEL & CARLINI, LLP*

By:_____
    Anthony C. Carlini, Jr., Esq.
    Attorneys for Creditor
    112 Delafield Street
    Suite 200
    Poughkeepsie, New York 12601
    Tel. No. (845) 452-3434

ANTHONY C. CARLINI, JR., ESQ.
HANDEL & CARLINI, LLP
Attorneys for Spears, Moore, Rebman,
& Williams, P.C.
112 Delafield Street
Suite 200
Poughkeepsie, New York 12601
(845) 452-3434
Anthony C. Carlini, Jr. (AC-4818)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------------x
In re:                                                              **Chapter 13**

DAVID EBERLE,                                                **Case No. 11-35079 (CGM)**

                                    Debtor.
-----------------------------------------------------------x

# EX-PARTE ORDER AUTHORIZING EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004

Upon the application of Handel & Carlini, LLP, attorneys for Spears, Moore, Rebman & Williams, P.C., creditor herein, for the examination of David Eberle, and the production of documents pursuant to Federal Rules of Bankruptcy Procedure 2004, and sufficient cause appearing therefor, it is

ORDERED, that pursuant to Federal Rule of Bankruptcy Procedure 2004(d) David Eberle shall appear for examination at a time and place consistent with the Federal Rules of Bankruptcy Procedure 2004, and it is further

ORDERED, that the Debtor shall produce all documents and information contained in the "Request for Documents" as annexed as **Schedule "A"** and make them available to Anthony C. Carlini, Jr. for inspection and copying in compliance with Federal Rule of Bankruptcy Procedure 2004, and it is further

ORDERED, Anthony C. Carlini, Jr. shall serve this Order and the annexed Schedule upon the debtor within ten (10) days of its entry.

Dated: Poughkeepsie, New York
                , 2011

                                                                    _____
                                                                    Hon. Cecelia G. Morris
                                                                    U.S. Bankruptcy Judge

Case No. 11-35079cgm

# SCHEDULE A

# REQUESTED DOCUMENTS

Definitions

As used herein:

(i) The word "document" means any written or graphic matter, however produced or reproduced, of any kind or description, including originals, marked copies and drafts and both sides thereof, and including but not limited to correspondence, letters, telegrams, cables, telex messages, memoranda, notes and notations, note papers, interoffice and interdepartmental communications, written consents, transcripts, notes and minutes of telephone and other conversations, or of conferences or director's meetings, or of committee meetings, or of other meetings, books, pamphlets, periodicals, press clippings or articles, resolutions, certificates, opinions, reports, studies, analyses, evaluations, contracts, licenses, agreements, instruments, financial statements, ledgers, checks, check stubs, books or records of accounts, credit memoranda, credit files, notations in credit files, loan cards, statistical records, tax returns, desk calendars, books, diaries, lists, tabulations, summaries, charts, graphs, maps, surveys, sound recording, photographs, computer tapes or print-outs, magnetic tapes, microfilms, punch cards and all other records kept by electronic, photographic or mechanical means, and papers and things similar to any of the foregoing, however denominated, by the Debtor David Eberle or any other person.

(ii) The word "concerning" includes referred to, relating to, with respect to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting or constituting.

(iii) The term "including" is defined at 11 U.S.C. §102(3) for the purposes of examination pursuant to Federal Rules of Bankruptcy Procedure 2004. The term "including" encompasses the term "includes".

(iv) Terms in the plural include the singular and terms in the singular include the plural.

(v) "Debtor" shall mean David Eberle.

(vi) "You" and "Your" shall mean the aforementioned Debtor.

(vii) "Insider" is defined at 11 U.S.C. §101(30).

If any document is withheld on the basis of a claim of privilege, state with respect thereto: the type of document (e.g., letter, memorandum, etc.), the date, author, the addressee or addressees and the subject matter and the nature of the privilege (e.g., attorney's work product).

(viii) "Property" shall mean any real or personal property in which the Debtor had an interest within six years of the filing herein.

In procuring the requested documents, even though the requests are directed to "you," furnish all documents which are available to you, including documents in the possession of your accountants, attorneys or investigators for your attorneys or accountants, including but not limited to, your accountants, and not merely such documents in your own possession.

(ix) "Petition Date" shall mean January 13, 2011.

The requests which follow are to be regarded as continuing and you are requested to provide by way of supplementary compliance herewith such additional documents as you, or any other person on your behalf, may hereafter obtain which will augment the documents produced in response to the request below. Such additional documents are to be produced at the offices of Anthony C. Carlini, Jr., Esq., Handel & Carlini, LLP, 112 Delafield Street, Suite 200, Poughkeepsie, New York 12601 promptly after they are received by said other person or by you.

## Documents Requested

1. All retainer agreements or contracts entered into between Debtor and Spears, Moore, Rebman, & Williams, P.C. ("Spears").

2. All written amendments to any documents produced in response to Demand #1.

3. All correspondence between Debtor and Spears.

4. All correspondence or documentation between the Debtor and third parties relating to any agreement it entered into with Spears or the payment of legal fees.

5. Any documentation which would demonstrate that Spears made any misrepresentations to Debtor or perpetrated a fraud upon Debtor.

6. Any documentation which would demonstrate that Spears breached any agreements with Debtor.

7. Copies of Debtor's tax returns for 2007 through 2010.

8. Copies of all 1099 statements received by Debtor from any insurer including, but not limited to, Provident and Unum between 2007 and 2010.